```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                  Criminal No. 94-139(01)(DSD/EJC)
```

United States of America,

       Plaintiff,

v.                                                          **ORDER**

Richard John Garin, Jr.

       Defendant.

    Michael L. Cheever, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Richard John Garin, Jr., #06800-041, FPC-Duluth, P.O. Box 1000, Duluth, MN 55814, defendant pro se.

This matter is before the court on pro se defendant Richard John Garin's motion for immediate release and a ruling on good time credits as changed via the First Step Act of 2018.

On February 23, 1995, a jury found Garin guilty on three counts of conspiracy to distribute and distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On December 15, 1995, Garin was sentenced to a term of imprisonment of 360 months.  Garin is currently an inmate at FPC-Duluth and his anticipated release date is March 31, 2020.  In the instant motion, Garin moves for immediate release from prison based on an amendment made to the First Step Act of 2018 regarding the manner in which good conduct credits are calculated.

The amendment Garin refers to, 18 U.S.C. § 3642(b), does not

take effect until July 19, 2019.  In addition, once the amendment takes effect, the Bureau of Prisons, not the court, will calculate Garin's amended good time credits.  See United States v. Wilson, 503 U.S. 329, 334 (1992).  If Garin objects to the Bureau of Prison's good time calculations, he is entitled to administrative review of the calculations, C.F.R. §§ 542.10-542.16, and after properly exhausting administrative remedies, only then may he seek judicial review of his good time credits through a habeas corpus petition under 28 U.S.C. § 2241.  See Wilson, 503 U.S. at 335; see also United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004); United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006).  Accordingly, Garin's motion for immediate release based on good time credits is premature.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the motion for immediate release [ECF No. 154] is denied without prejudice.

Dated: April 17, 2019

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court